**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**


ROBERT RHOUTSONG, et al.                                        PLAINTIFFS

V.                                                        NO. 3:03CV-388-MO

CINDY FRYREAR, et al.                                          DEFENDANTS


**<u>MEMORANDUM OPINION</u>**

This is a personal injury case stemming from a motor vehicle accident.  In addition to the customary issues pertaining to liability, this matter also presents several issues pertaining to the scope and monetary extent of available insurance coverage.  To that end, Prudential Property and Casualty Insurance Company ("Prudential") has filed a motion for partial summary judgment (docket no. 68).  Having considered the arguments in Prudential's motion, and the arguments raised by the other parties (*see* docket nos. 69-75), the court finds that there generally exists no material disagreement among the parties regarding the issues presented by Prudential, and that Prudential's motion should be granted in large part.  One of the issues identified is moot, however, and there does exist a factual dispute regarding another issue identified by Prudential. Accordingly, the court will deny summary judgment with respect to those two issues.

**I.**

The automobile accident that gave rise to this lawsuit occurred in Alabama  in 2003.  Ms. Fryrear allegedly lost control of a camper trailer she was pulling with her sport utility vehicle. Mr. Reed, who was driving a car owned by the Rhoutsongs, was traveling behind the Fryrear vehicles and collided with them.  Mr. Reed's wife, and Mr. and Mrs. Rhoutsong, were all in the Rhoutsongs' car with Mr. Reed at the time of the accident.  The Reeds and the Rhoutsongs have

now sued Ms. Fryrear.  Their insurance companies have been added as third-party defendants.

Prudential, one of the insurance company defendants, issued an automobile insurance policy to Mr. Reed.  Illinois Farmers Insurance Company ("Farmers"), another of the third-party defendants, issued an insurance policy to the Rhoutsongs.  Liberty Mutual Insurance Company ("Liberty") issued an automobile policy to Ms. Fryrear and, on her behalf, has tendered $50,000, the policy limits of Ms. Fryrear's liability insurance coverage, to be divided among the Reeds and the Rhoutsongs.

In addition to the factual issues pertaining to the apportionment of fault for the accident (Was Ms. Fryrear entirely at fault?  Could Mr. Reed have avoided the accident?), there exist questions pertaining to the scope of insurance coverage.  Prudential has therefore filed a motion for partial summary judgment in which it asserts that it is entitled to judgment in its favor on several issues: (1) that Indiana law governs the insurance coverage issues presented by this case; (2) that the Rhoutsongs are not entitled to underinsured motorists ("UIM") coverage under Mr. Reed's policy with Prudential; (3) that, with respect to UIM coverage for the Reeds, the Rhoutsongs' policy with Farmers provides the Reeds' primary coverage, and the Reeds' policy with Prudential provides only secondary coverage;[1] and (4) the Rhoutsongs' policy with Farmers also provides the primary liability coverage for the Reeds.

After reviewing Prudential's motion, the other parties' briefs on the issue of insurance

---

[1] Included with its argument regarding whether the Reeds should look first to the Farmers policy for their UIM coverage, Prudential asserts that it is entitled to a set off" of any payments made by Liberty (Ms. Fryrear's liability insurer) to the Reeds.  There exists a factual dispute regarding this issue, however.  Accordingly, to the extent that Prudential intended to assert that it was entitled to summary judgment in its favor with respect to the set-off issue, the court will deny that portion of the motion.

coverage generally (docket nos. 69-71), and each party's response to the others' briefs (docket nos. 72-75), the court finds that Prudential is essentially correct. There generally appears to exist no material dispute regarding the four issues identified above.

## II.

With respect to which state's law governs the interpretation of the insurance contracts at issue, Prudential, Farmers, the Reeds, and the Rhoutsongs all agree that Indiana is the appropriate choice of law (*see* docket nos. 68, 69, 71). Ms. Fryrear also agrees that Indiana is the appropriate choice of law regarding the evaluation of any UIM coverage (*see* docket no. 73). She took no position on whether Indiana law applies to liability coverage generally, but asserts that Kentucky is the appropriate choice of law regarding the issue of the amount of liability coverage. The court disagrees.

As a federal court sitting in diversity, this court must apply the choice-of-law provisions of the forum state. *NILAC Intern. Marketing Group v. Ameritech Services, Inc.,* 362 F.3d 354, 358 (6th Cir. 2004)(citing *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941)). Where, as here, the contracts at issue do not contain express choice-of-law provisions, Kentucky courts hold that the law of the state with the greatest interest in the outcome of the litigation should be applied. *See, e.g., Breeding v. Massachusetts Indemnity and Life Insurance Co.,* 633 S.W.2d 717, 719 (Ky. 1982). In this case, the persons to whom the applicable policies were issued are Indiana residents, and the policies themselves were issued in Indiana. In addition, the Reeds and the Rhoutsongs, both claimants under the policies, Indiana residents. The Fryrears are also claimants, but although they favor the Commonwealth of Kentucky's law with respect to the amount of liability coverage, they are residents of Alabama, the location of the accident.

-3-

Other than the fact that Kentucky is the forum state for this litigation, the Fryrears have no significant contacts with Kentucky. Based on similar fact patterns in relevant Kentucky decisions, this court finds that Kentucky courts would deem Indiana to be the state with the most interest in the outcome of the dispute regarding the Prudential and Farmers insurance contracts. *See Lewis v. American Family Ins. Group,* 555 S.W.2d 579, 581-82 (Ky. 1977); *Bonnlander v. Leader National Ins. Co*., 949 S.W.2d 618, 619-20 (Ky. App. 1997).

Regarding the second issue, whether the Rhoutsongs are "insureds" entitled to UIM coverage under Mr. Reed's policy with Prudential, the issue appears to be moot. Prudential was under the misimpression that the Rhoutsongs have sued for UIM coverage under Mr. Reed's Prudential policy. They have made no such claim (*see* docket nos. 32s, 75). Accordingly, the court need not decide whether they would properly be entitled to UIM coverage under the Prudential policy.

As for the third issue presented by Prudential, whether the Reeds should look first to the Farmers policy for UIM coverage, there is no dispute among the insurers. Farmers concedes that its coverage is primary with respect to the Prudential policy with respect to UIM coverage for the Reeds (*see* docket no. 69). The Reeds and Rhoutsongs assert that Prudential should provide UIM coverage to the Reeds (docket no. 71), but this position is contrary to the clear language of Indiana Code 27-8-9-7. Pursuant to Indiana statutory law,

> (b) In any case arising from a permittee's use of a motor vehicle for which the owner of the vehicle has motor vehicle insurance coverage, **the owner's motor vehicle insurance coverage is considered primary** if both of the following apply:
>> (1) The vehicle, at the time damage occurred, was **operated with the permission of the owner** of the motor vehicle.
>> (2) The **use was within the scope of the permission**

> **granted**.
>> (c)  The permittee may not recover under any other motor vehicle insurance coverage available to the permittee until the limit of all coverage provided by the owner's policy is first exhausted.

Ind. Code 27-8-9-7 (2005)(emphasis added).  There exists no dispute that Mr. Reed was driving the Rhoutsongs' car with their permission and within the intended scope of that permission. Thus, the Rhoutsongs' UIM coverage with Farmers is primary.

Lastly, with respect to the fourth issue presented by Prudential, whether the Farmers policy is the primary source of liability coverage for the Reeds, the insurers agree that it is (*see* docket no. 69).  The Reeds and the Rhoutsongs take no position on that specific issue.  Instead, they implicitly assert that it is a non-issue because the Rhoutsongs do not intend to sue their friend, Mr. Reed (*see* docket no. 71).  There also exists a factual dispute about the extent of the liability coverage and the effect of any set-off of the Liberty payment on behalf of Ms. Fryrear, but there is no dispute among the parties that the Farmers policy provides the primary source of the Reeds' liability insurance, and that the Prudential policy provides secondary, or excess, UIM and liability coverage.  Accordingly, and in keeping with the plain language of Indiana Code 27-8-9-7, the court finds that the Rhoutsongs' policy with Farmers is also Mr. Reed's primary source of liability coverage.

### III.

This case is not without certain material disputes.  Chief among them are whose alleged negligence caused the injuries suffered by the parties, the monetary extent of any available coverage to the parties, and how that coverage might be affected by any off-set of payments already made by Ms. Fryrear's insurer.  Those issues are not currently ripe for summary disposition.  Certain issues can be resolved at this juncture, however.  Those are: (1) Indiana's

law is the appropriate choice for interpreting the Prudential and Farmers insurance policies, and (2) the Farmers policy issued to the Rhoutsongs is the primary source of both UIM and liability coverage for the Reeds.  Whether the Rhoutsongs would be entitled to any UIM coverage under Mr. Reed's policy with Prudential is a non-issue, as the Rhoutsongs have made no claim for such coverage.

The court will issue a separate order consistent with this memorandum opinion.

DATE:

cc:     counsel of record